CITED in *State* v. *Lewis, Collector,* 6 *Vroom* 377.

---

THE STATE, ALEXANDER COCHRANE ET AL., PROSECUTORS, v. ROBERT GARRABRANT, COLLECTOR, &c.

1. When a school district is to be assessed, under the eleventh section of the supplement to the general school law, passed March 14th, 1851, (*Nix. Dig.* 781,) the taxable inhabitants are required to meet, upon a notice stating one or more of the purposes specified in the section ; when assembled they must direct the particular purpose for which the money is to be raised, which must be one of the purposes mentioned in the act, and in the notice. The certificate of these proceedings must show a compliance with these requirements. And the money, when raised, is to be applied only to the purposes directed by the meeting.

2. A certificate setting forth that the money was to be raised generally, for school purposes, is insufficient.

3. When powers are conferred by special acts of legislation, it should clearly appear that they have been exercised in strict conformity with the acts.

*Certiorari.*  In matter of assessment relating to public schools.

The facts are set out sufficiently in the opinion of the court.

Argued before Justices ELMER, BEDLE, and DALRIMPLE, by—

*George Gage*, for prosecutors, and

*H. C. Pitney*, for defendant.

BEDLE, J.  The taxes in this case were assessed under a certificate of two of the trustees of Waterville school district in Morris county, setting forth that at a meeting of the taxable inhabitants of the district, held on the fourteenth day of June, 1866, "it was agreed, by the vote of two-thirds of the taxable inhabitants so assembled, to raise, by taxation, the sum of three hundred and fifty dollars, for *school purposes,* in addition to the money apportioned to said district, pursuant to the provisions of the eleventh section of a supplement to the act entitled ' an act to establish public schools.'"

The chief reason relied upon for reversal is, that the certificate does not show upon its face, any of the purposes for which an assessment is authorized by the eleventh section of the supplement of March 14th, 1851.  (*Nix. Dig.* 781.)

The certificate is the only written evidence required by the act, of the proceedings of the meeting, and it should contain all the facts essential to show that the law has been complied with.  *State* v. *Hardcastle,* 2 *Dutcher* 143 ; *State* v. *Hardcastle,* 3 *Dutcher* 553 ; *State* v. *Browning,* 4 *Dutcher* 556.

The eleventh section authorizes the raising of money by taxation, only for certain purposes.  The clause, "and to raise by taxation any such sum of money as two-thirds of the inhabitants so assembled shall agree to," &c., must be construed with reference to the objects contained in the section,

which are, to purchase land, to build a school house thereon, or to build, enlarge, or repair a school house, or school houses, or to pay existing debts, or for maintaining free schools in the district, and the money so raised is to be paid out on the order of the trustees, for the *purposes* decreed by the meeting.

Under that section, it was the duty of the meeting to declare for which of those purposes the money was to be raised. Besides, the notice calling the meeting must state the purpose, and the taxable inhabitants, when assembled, could only vote to raise money for the particular purpose in the notice. The notice for the meeting in question states the object to be, to raise a sufficient sum of money to pay the existing indebtedness of the district, and for maintaining free schools, but instead of voting money for those purposes, or either, the certificate shows that the money was to be raised generally for *school purposes*. The argument of defendant's counsel, that these words are to be construed with reference to the purposes mentioned in the eleventh section, is untenable, because the meeting was called only for two of those purposes, and its power was thereby limited. It could not pass a resolution to raise money for any other objects, either in a general or special way. Neither could the notice be used to restrict those words to the purposes therein stated. The written evidence of what the meeting did, cannot be affected in that way. The irregular action of the meeting cannot be corrected by what it was intended it should do. I agree with Ogden, J., in the case of the *State* v. *Browning*, 4 *Dutcher* 570, that "the security of taxpayers in this age of progress requires, that the powers conferred by special acts of legislation, should be exercised in strict conformity with the provisions of such acts, and that the compliance should clearly appear."

There is no evidence before us, that the resolution of the meeting stated the purpose more definitely than the certificate; but, on the contrary, one of the witnesses testifies that the resolution was truly set out in the certificate. Had

State, Cochrane et al., pros., v. Garrabrant, Col.

the resolution been more specific, I should still hold that the object for which the money was to be raised, should be specially stated in the certificate. The cases already referred to, in principle, sustain this view.

When a district is to be assessed. the taxable inhabitants must meet, upon a notice stating one or more of the purposes in the act. When assembled, they must direct the particular purpose for which the money is to be raised—that must be one of the purposes in the act, and must be contained in the notice, and the certificate must state it particularly, and the money, when collected, is to be paid out only for the purposes directed by the meeting.

This certificate is illegal, and the assessments against the prosecutors must be set aside.

Justices ELMER and DALRIMPLE occurred.

CITED in *State* v. *Greenleaf, Collector,* 5 *Vroom* 442; *State* v. *Sullivan, Collector of Lebanon,* 7 *Vroom* 90; *State, Lamb, pros.,* v. *Hurff,* 9 *Vroom* 311; *State, Slack, pros.,* v. *Palmer,* 10 *Vroom* 251; *Paret* v. *Bayonne,* 10 *Vroom* 564.